UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

    Clint Joseph Althaus

    Debtor(s).

**SIGNATURE DECLARATION**

Case No. 13-32566

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☒ MODIFIED CHAPTER 13 PLAN
☒ OTHER (Please describe: Amended Schedules I & J)

I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 8-22-13

X _/s/ Clint Joseph Althaus_
Signature of Debtor or Authorized Representative

X _____
Signature of Joint Debtor

Clint Joseph Althaus
Printed Name of Debtor or Authorized Representative

_____
Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

Chapter 13
Case No. 13-32566

NOTICE OF PRECONFIRMATION
MODIFICATION OF
CHAPTER 13 PLAN

Clint Joseph Althaus
    Debtors

---

YOU ARE HEREBY NOTIFIED:

That a preconfirmation modification has been made to the chapter 13 plan.

The confirmation hearing has been reset to September 26, 2013 at 10:00 a.m., Courtroom 2A, US Courthouse, 200 Warren E Burger Federal Building, 316 N Robert St, St Paul, Minnesota.

Dated: September 12, 2013

/e/ Michael G. Blee
Attorney for Debtor
14 North 7th Avenue
PO Box 801
St Cloud, MN 56303
320/253-5000

**Form 3015-1 - Chapter 13 Plan**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

**CHAPTER 13 PLAN - MODIFIED**

In re:
Clint Joseph Althaus

Dated:

DEBTOR    Case No. 13-32566

*In a joint case,
debtor means debtors in this plan.*

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE —**
   a. As of the date of this plan, the debtor has paid the trustee $ 540.00 .
   b. After the date of this plan, the debtor will pay the trustee $ 150.00 * per Month for 57 months, beginning within 30 days after the order for relief for a total of $ 24,058.52 . The minimum plan payment length is X 36 or __ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee __
   d. The debtor will pay the trustee a total of $ 24,598.52 [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ 2,459.85 , [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|
| -NONE- | $ | | $ |
| a. TOTAL | | | $ 0.00 |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
| -NONE- | |

5. **CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Property |
|---|---|
| -NONE- | |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| -NONE- | $ | $ | | | $ |
| a. TOTAL | | | | | $ 0.00 |

7. **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

| Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| -NONE- | $ | | $ | | | $ |
| a. TOTAL | | | | | | $ 0.00 |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) x | (No. of Pmnts) = | Pmnts on Account of Claim + | (Adq. Prot. from ¶ 3) = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| -NONE- | $ | $ | | | $ | | $ | $ | $ |
| a. TOTAL | | | | | | | | | $ 0.00 |

9. **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. ***The amounts listed are estimates.*** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | Attorney Fees | $ 2,500.00 | $ 166.67 | 1 | 15 | $ 2,500.00 |
| b. | Internal Revenue Service | $ 1,869.19 | $ 43.47 | 15 | 43 | $ 1,869.19 |
| c. | Internal Revenue Service | $ 13,061.00 | $ 303.74 | 15 | 43 | $ 13,061.00 |
| d. | Minnesota Dept of Revenue | $ 593.36 | $ 13.80 | 15 | 43 | $ 593.36 |
| e. | Minnesota Dept of Revenue | $ 3,519.00 | $ 81.84 | 15 | 43 | $ 3,519.00 |
| f. | TOTAL | | | | | $ 21,542.55 |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows: -NONE-
The trustee will pay the allowed claims of the following creditors. ***All entries below are estimates.***

| | Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | $ |
| a. | TOTAL | | | | | | $ 0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ 596.14 [line 1(d) minus lines 2, 6(a), 7(a), 8(a), 9(f) and 10(a)].

   a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ 0.00.

   b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ 20,589.06.

   c. Total estimated unsecured claims are $ 20,589.06 [line 11(a) + line 11(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10 or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. **OTHER PROVISIONS** —
   *The plan is a step plan which will pay as follows: $150.00 Monthly for 25 months, then $580.00 Monthly for 13 months, then $640.23 Monthly for 14 months, then $761.06 Monthly for 5 months, plus $540.00 lumpsum payment in month 1
   1.Each year during the Chapter 13 Plan the debtor and non-filing spouse shall send the Trustee copies of their federal and state income tax returns at the time they are filed. The debtor shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case and debtor and non-filing spouse shall be entitled to retain the first $2,000 of refund plus any earned income credit (EIC). Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments.
   2. After child support terminates, there shall be a step up in plan payments in month 26 of the plan, by the amount of $400.00 monthly.
   3. To account for a first 401K loan payoff, there shall be a step up in plan payments in month 39 of the plan, by the amount of $60.23 monthly.
   4. To account for a second 401K loan payoff, there shall be a step up in plan payments in month 53 of the plan, by the amount of $120.83 monthly.

**14. SUMMARY OF PAYMENTS —**

| | | |
|---|---|---|
| Trustee's Fee [Line 2] | $ | 2,459.85 |
| Home Mortgage Defaults [Line 6(a)] | $ | 0.00 |
| Claims in Default [Line 7(a)] | $ | 0.00 |
| Other Secured Claims [Line 8(a)] | $ | 0.00 |
| Priority Claims [Line 9(f)] | $ | 21,542.55 |
| Separate Classes [Line 10(a)] | $ | 0.00 |
| Unsecured Creditors [Line 11] | $ | 596.14 |
| **TOTAL [must equal Line 1(d)]** | $ | 24,598.52 |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
Michael G. Blee
Blee Law Office, Ltd
14 North 7th Ave
Ste 117
St Cloud, MN 56303
320/253-5000
135367

Signed   /s/ Clint Joseph Althaus
         Clint Joseph Althaus
         DEBTOR

B6I (Official Form 6I) (12/07)

In re  **Clint Joseph Althaus**          Case No. **13-32566**
Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Married | RELATIONSHIP(S): Son | AGE(S): 16 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Bakery Manager | |
| Name of Employer | Lund Food Holdings Inc | |
| How long employed | | |
| Address of Employer | 4100 West 50th St Suite 2100 Edina, MN 55424-1266 | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 3,500.00 | $ N/A |
| 2. Estimate monthly overtime | $ 0.00 | $ N/A |
| 3. SUBTOTAL | $ 3,500.00 | $ N/A |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $ 712.00 | $ N/A |
|    b. Insurance | $ 30.00 | $ N/A |
|    c. Union dues | $ 0.00 | $ N/A |
|    d. Other (Specify): 401K loan | $ 392.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 1,134.00 | $ N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 2,366.00 | $ N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ N/A |
| 8. Income from real property | $ 0.00 | $ N/A |
| 9. Interest and dividends | $ 0.00 | $ N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ N/A |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 12. Pension or retirement income | $ 0.00 | $ N/A |
| 13. Other monthly income (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 2,366.00 | $ N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 2,366.00 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re  Clint Joseph Althaus                                               Case No.  13-32566
                          Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 0.00 |
| a. Are real estate taxes included?           Yes ___    No  X  | | |
| b. Is property insurance included?           Yes ___    No  X  | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 180.00 |
| b. Water and sewer | $ | 51.00 |
| c. Telephone | $ | 140.00 |
| d. Other  AVI garbage pickup | $ | 55.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 80.00 |
| 4. Food | $ | 425.00 |
| 5. Clothing | $ | 80.00 |
| 6. Laundry and dry cleaning | $ | 10.00 |
| 7. Medical and dental expenses | $ | 60.00 |
| 8. Transportation (not including car payments) | $ | 350.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 100.00 |
| 10. Charitable contributions | $ | 50.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 60.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 75.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify)  Property taxes 103 | $ | 100.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other | $ | 0.00 |
| c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 400.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other | $ | 0.00 |
| Other | $ | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 2,216.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---|
| a. Average monthly income from Line 15 of Schedule I | $ | 2,366.00 |
| b. Average monthly expenses from Line 18 above | $ | 2,216.00 |
| c. Monthly net income (a. minus b.) | $ | 150.00 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                  Chapter 13
                                                        Case no. 13-32566

<u>UNSWORN CERTIFICATE OF SERVICE</u>

Clint Joseph Althaus
                    Debtors.

Michael G. Blee declares that on September 12, 2013, in St Cloud, Minnesota, he mailed the following documents:

Notice of Preconfirmation Modification of Chapter 13 Plan; Modified Chapter 13 Plan; Amended Schedules I&J; Signature Declaration.

To be filed electronically with the Clerk of Bankruptcy Court through ECF, and by first class mail postage prepaid to each entity named below at the address stated below for each entity:

Kyle Carlson Trustee                              US Trustee
PO Box 519                                            1015 US Courthouse
Barnesville, MN 56514                          300 So 4th Street
                                                       Minneapolis, MN 55415-3070

All creditors listed on the attached Creditors Matrix

Executed on September 12, 2013             /e/ Michael G. Blee
                                                        Michael G. Blee
                                                        14 North 7th Avenue
                                                        PO Box 801
                                                        St Cloud, MN 56303
                                                        320/253-5000

ACCOUNTS RECEIVABLE MANAGEMENT
PO BOX 561
THOROFARE NJ 08086-0561


ADULT & PEDIATRIC UROLOGY
2351 CONNECTICUT
SARTELL MN 56377


ALLIED CHIROPRACTIC PA
102 DOCTORS PARK
SAINT CLOUD MN 56303-1207


AMERICAN ACCOUNTS & ADVISORS
7460 80TH ST S
COTTAGE GROVE MN 55016


CENTER FOR DIAGNOSTIC IMAGING
PO BOX 1450
NW 5076
MINNEAPOLIS MN 55485-5076


CENTER FOR DIAGNOSTIC IMAGING
PO BOX 1414
NCB 6
MINNEAPOLIS MN 55480-1414


CENTRAL MINNESOTA ANESTHESIA
14700 28TH AV N
STE 20
PLYMOUTH MN 55447


COLLECTION RESOURCES
PO BOX 2270
2700 1ST ST N, STE 303
SAINT CLOUD MN 56302-2270


COLLTECH
PO BOX 47095
PLYMOUTH MN 55447

```
COLLTECH
15600 35TH AVE N
#201
PLYMOUTH MN 55447



COMO LAW FIRM
PO BOX 130668
SAINT PAUL MN 55113-0006



D S ERICKSON & ASSOC PLLC
920 2ND AVE SO
# 800
MINNEAPOLIS MN 55402



DISCOVER BANK
PO BOX 15251
WILMINGTON DE 19886-5251



FRONTLINE ASSET STRATEGIES
1935 W COUNTY RD B2
STE 425
ROSEVILLE MN 55113-2797



GURSTEL CHARGO
6681 COUNTRY CLUB DR
GOLDEN VALLEY MN 55427



INTERNAL REVENUE SERVICE
PO BOX 1200
LOUISVILLE KY 40293-1200



INTERNAL REVENUE SERVICE
30 E 7TH ST
STE 1222 STOP 5114
SAINT PAUL MN 55101-7706



INTERNAL REVENUE SERVICE
PO BOX 105404
ATLANTA GA 30348-5404
```

```
INTERNAL REVENUE SERVICE
KANSAS CITY MO 64999




MALACKO LAW OFFICE
PO BOX 135
COTTAGE GROVE MN 55016-0135




MINNESOTA DEPT OF REVENUE
PO BOX 64649
SAINT PAUL MN 55164-0649




MINNESOTA DEPT OF REVENUE
INCOME TAX DIVISION
MAIL STATION 7701
SAINT PAUL MN 55164-0651




NORTH CENTRAL PATHOLOGY PA
155 S WABASHA ST
#104
SAINT PAUL MN 55107




NORTH CENTRAL PATHOLOGY PA
2854 HWY 55
STE 130
EAGAN MN 55121




ST CLOUD MEDICAL GROUP
251 CO RD 120
SAINT CLOUD MN 56303
```

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

Chapter 13
Case No. 13-32566

Clint Joseph Althaus
    Debtor

## VERIFICATION

I, Clint Joseph Althaus, named as debtor in this case, declare under penalty of perjury that I have read the foregoing Amended Schedules I&J and modified chapter 13 plan and find that it is true and correct to the best of my knowledge and belief.

Dated: 8-22-13

Clint Joseph Althaus